IDA H. GERETY, APPELLEE, v. THE NEW YORK AND NEW
JERSEY RAILROAD COMPANY, APPELLANT.

Submitted July 2, 1915—Decided November 5, 1915.

The obligation of a railroad company with respect to the act of its
ticket agent is that he shall deliver to passengers the tickets for
which they ask and pay; if this be not done, whether the fault
be that of the agent or the company, the latter is liable to the
passenger for the damages that result from the mistake of its
agent.

On appeal from the District Court.

Before Justices GARRISON, TRENCHARD and BLACK.

For the appellant, *Collins & Corbin.*

For the appellee, *Patrick H. Maley.*

The opinion of the court was delivered by

GARRISON, J.   The plaintiff sued the railroad company to
recover the damages resulting to her from the failure of its
ticket agent to deliver to her the ticket for which she had
asked and paid, and for delivering to her instead thereof a
commutation ticket that read *Mr.* I. H. Gerety instead of
*Miss* I. H. Gerety, which ticket in consequence of said mis-
take was "taken up" by one of the company's conductors.
The plaintiff's action is not for the taking up of the ticket
or for refusal to permit her to ride thereon, but for damages
for the failing to deliver to her the ticket for which she had
asked.   The action, therefore, is not within the decision in
the case of *Shelton* v. *Erie Railroad Co.,* 73 *N. J. L.* 558, but
it is within the illustrative *dictum* made therein, viz., "the
obligations of the company with respect to the acts of this
agent (the ticket agent) is that he shall deliver to passengers
the tickets for which they ask and pay; if this is not done,
whether the fault be that of the agent or the company, this

obligation is broken and the company is liable for the damages that result therefrom."

In the present case, the plaintiff had a July commutation ticket reading "Miss I. H. Gerety," which she handed to the ticket agent, with a ten-dollar bill, when she asked for her August commutation ticket. The agent returned to her the July ticket, the change of the ten-dollar bill and the August ticket, upon which she traveled until the 29th day of August, when it was taken up by a conductor who noticed the mistake.

Upon the appeal of the railroad company from the judgment that was rendered in favor of the plaintiff upon the verdict of a jury the appellant contends that there should have been a nonsuit. This contention rests upon a failure to distinguish the present case from cases such as Shelton *v.* Erie Railroad Co.

Whether or not the plaintiff noticed, or ought by reasonable care to have noticed, the mistake could not be determined by the court. The fact that until within a day or two of the expiration of the ticket the mistake had not been noticed by the defendant's conductors, whose duty it was to detect such mistakes, is somewhat .eloquent evidence that it was a question of fact for the jury to which it was left under a charge that was quite as favorable to the defendant as the case permitted.

The rule charged as to the measure of damages for the indignity and mental distress incident to the occurrence that resulted from the mistake of the ticket agent was correct.

There was no error in admitting in evidence the letters of the defendant's general passenger agent, who had taken up with the plaintiff the mistake made by the local agent. These letters were within the scope of the authority of their writer, and were in no sense offers of compromise or settlement of a pending or threatened litigation.

It is a stronger case than that of *Agricultural Insurance Co.* v. *Potts,* 55 *N. J. L.* 158.

Finding no error that should lead to a reversal, the judgment of the District Court of the county of Bergen is affirmed.